**FILED**

JAN 3 0 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JONATHAN LEE RICHES,<br><br>Plaintiff,<br><br>v.<br><br>PERLA TREVIZO d.b.a.<br>CHATTANOOGA TIMES<br>FREE PRES, et al.,<br><br>Defendants. | Nos. C 08-0377 MJJ (PR)<br>C 08-0378 MJJ (PR)<br>C 08-0379 MJJ (PR)<br>C 08-0380 MJJ (PR)<br>C 08-0558 MJJ (PR)<br>C 08-0559 MJJ (PR)<br>C 08-0560 MJJ (PR)<br>C 08-0561 MJJ (PR)<br>C 08-0562 MJJ (PR)<br>C 08-0563 MJJ (PR)<br>C 08-0564 MJJ (PR)<br>C 08-0565 MJJ (PR)<br>C 08-0566 MJJ (PR)<br>C 08-0567 MJJ (PR)<br>C 08-0568 MJJ (PR)<br>C 08-0569 MJJ (PR)<br>C 08-0570 MJJ (PR)<br>C 08-0571 MJJ (PR)<br>C 08-0572 MJJ (PR)<br>C 08-0573 MJJ (PR)<br>C 08-0574 MJJ (PR)<br>C 08-0575 MJJ (PR)<br>C 08-0576 MJJ (PR)<br>C 08-0577 MJJ (PR)<br>C 08-0578 MJJ (PR)<br>C 08-0579 MJJ (PR)<br>C 08-0580 MJJ (PR)<br>C 08-0581 MJJ (PR) | C 08-0582 MJJ (PR)<br>C 08-0583 MJJ (PR)<br>C 08-0584 MJJ (PR)<br>C 08-0585 MJJ (PR)<br>C 08-0586 MJJ (PR)<br>C 08-0587 MJJ (PR)<br>C 08-0588 MJJ (PR)<br>C 08-0589 MJJ (PR)<br>C 08-0590 MJJ (PR)<br>C 08-0591 MJJ (PR)<br>C 08-0592 MJJ (PR)<br>C 08-0593 MJJ (PR)<br>C 08-0594 MJJ (PR)<br>C 08-0595 MJJ (PR)<br>C 08-0596 MJJ (PR)<br>C 08-0597 MJJ (PR)<br>C 08-0598 MJJ (PR)<br>C 08-0599 MJJ (PR)<br>C 08-0600 MJJ (PR)<br>C 08-0601 MJJ (PR)<br>C 08-0602 MJJ (PR)<br>C 08-0603 MJJ (PR)<br>C 08-0604 MJJ (PR)<br>C 08-0605 MJJ (PR)<br>C 08-0606 MJJ (PR)<br>C 08-0607 MJJ (PR)<br>C 08-0608 MJJ (PR) |
| | **ORDER DISMISSING CASES** | |

Plaintiff, a federal prisoner proceeding pro se, filed the 55 civil actions listed above against a variety of defendants. A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

G:\PRO-SE\MJJ\CR.08\riches74.dsm.wpd

defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

In an order filed January 2, 2008, the Court dismissed 22 prior cases filed by plaintiff because they were frivolous. The Court further noted:

> Within the past two months, plaintiff has sent to this court approximately 160 different civil complaints setting forth similarly improbable, if not impossible, allegations and frivolous claims against a litany of defendants.[1] Plaintiff has also filed frivolous cases in other federal district courts, prompting one United States District Judge to make the following finding about plaintiff's filings:
>
> > It is not clear whether these outlandish pleadings are products of actual mental illness or simply a hobby akin to short story writing. Whatever their origin, and though they are amusing to the average reader, they do nothing more than clog the machinery of justice, interfering with the court's ability to address the needs of the genuinely aggrieved. It is time for them to stop.
>
> Riches v. Simpson, et al., No. 6:07-cv-1504-Orl-31KRS, slip op. at 1-2 (M.D. Fla. Sept. 24, 2007).

See Riches v. Giambi, No. C 07-6156 MJJ (PR) (N.D. Cal. Jan. 2, 2007). Consequently, the Court restricted plaintiff from filing any civil complaints in this Court without payment of the full statutory filing fee. See id.; see also Riches v. Simpson, slip op. at 2 (requiring plaintiff Jonathan Lee Riches to pay full filing fee at time of filing any future complaint); Riches v. Schiavo, et al., No. 8:07-cv-1730-T-17TBM, slip op. at 2 (M.D.Fla., Sept. 26, 2007) (same).

The complaints in the above-listed cases must be dismissed because they set forth claims and allegations that are clearly irrational, baseless or frivolous, including, inter alia, claims that an employees of the Chattanooga Times Free Press are not providing him with doctors to "fix [his] weight loss" and "wont give [him his] sunlight" (Case Nos. C 08-0558 MJJ (PR) & C 08-0560 MJJ (PR))); against "Godtube.com" because plaintiff cannot go to church on Sundays (Case No. C 08-0559 MJJ (PR)); and against actor Omar Epps for "paying for" prison guards to shoot plaintiff if plaintiff leaves prison (Case No. C 08-0561 MJJ (PR)). See 28 U.S.C. §§ 1915A(a), 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32

---

[1] It has since become clear that the number of cases received from plaintiff is closer to 300.

(1992). In addition, the claims set forth in the above-captioned cases are not cognizable because they are brought under 42 U.S.C. § 1983 against defendants who are not state actors. See West v. Atkins, 487 U.S. 42, 48 (1988) (holding that a § 1983 claim may only be brought against defendant acting under color of state law); see also 28 U.S.C. §§ 1915A(a),(b) (requiring district court to review prisoner complaints and dismiss any that are frivolous, malicious, fail to state a cognizable claim for relief, or seek monetary relief from defendants immune from such relief). Lastly, plaintiff has not paid the filing fee in connection with these cases, as required by the January 2, 2008 order quoted above.

Accordingly, the above-listed cases are hereby DISMISSED, and the Clerk shall close the files.

IT IS SO ORDERED.

DATED: 1/30/2008

MARTIN J. JENKINS
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JONATHAN LEE RICHES,

    Plaintiff,

v.

PERLA TREVIZO d.b.a. CHATTANOOGA TIMES FREE PRES, et al,

    Defendant.
_____/

Case Number:

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 31, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jonathan Lee Riches
F.C.I. Williamsburg
Prisoner Id 40948-018
P.O. Box 340
Salters, SC 29590

Dated: January 31, 2008

*MNarcisse*
Richard W. Wieking, Clerk
By: Monica Tutson, Deputy Clerk